UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARTIN KEANE and CHARLIE HALL, SR.,
as Trustees and Fiduciaries of the Union
Mutual Fund,

                      Plaintiffs,

            - against-

RAPHAEL DRUG & HEALTH, LTD., d/b/a
BROADWAY DRUGS, LTD.

                     Defendant.
-------------------------------------------------------x

07 CV 6487

Judge Berman

JUL 18 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Martin Keane and Charlie Hall, Sr., as Trustees and Fiduciaries of the Union Mutual Fund ("the Fund"), by their attorneys Friedman & Wolf, allege as follows:

### JURISDICTION AND VENUE

1.    This action is based on the provisions of Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

2.    This Court's jurisdiction is based on 29 U.S.C. § 1132(e)(1). Moreover, this court has personal jurisdiction over Defendant Raphael Drug & Health, LTD., d/b/a Broadway Drugs, LTD. (the "Defendant" or "Broadway Drugs") because Broadway Drugs' primary place of business is located within this district at 1257 Broadway, New York, New York 10001.

Author: NVB   Doc Number:76938

3. Venue lies in this District under the provisions of 29 U.S.C. §§ 1132(e)(2) & 1451(d), since, at all relevant times, Defendant has maintained its primary place of business in this district.

## PARTIES

4. The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1102(3). It was established pursuant to the terms of various collective bargaining agreements between the Allied Trades Council Division of Local 338, RWDSU/UFCW (the "Union"), which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Fund on behalf of their employees covered by the collective bargaining agreements. The Fund provides various pension and related benefits to covered employees. The Fund is operated pursuant to the terms of an Agreement and Declaration of Trust ("The Trust Agreement").

5. The Fund's principal office is located at 60 Broad Street, New York, New York 10004.

6. Plaintiffs (the "Trustees") are the Trustees of the Fund. The Trustees are fiduciaries of the Fund as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Defendant Broadway Drugs is a corporation that maintains a place of business at 1257 Broadway, New York, New York 10001, and, during the time period relevant to this action, has employed at least one employee covered by a collective bargaining agreement which required Broadway Drugs to make contributions to the Fund on the employee(s)'s behalf.

Author: NVB    Doc Number: 76938

## FIRST CAUSE OF ACTION

8.  Broadway Drugs is a party to and bound by collective bargaining agreement(s) with the Union and is bound by the Trust Agreement. It has employed at least one employee who has worked in employment covered by a collective bargaining agreement. Defendant has submitted or has been obligated to submit remittance reports to the Fund. These remittance reports state the employee(s) performing covered employment and the amounts to be paid into the Fund based on covered work, in order to provide pension and related benefits to Defendant's employee(s).

9.  Broadway Drugs was a party to collective bargaining agreements with the Union for the period at least from January 1, 2000 through March 31, 2006, and is bound by the Trust Agreement.

10.  Article Fourteenth of the collective bargaining agreements provides that "The Employer's payroll records, social security records and other pertinent data shall be open for inspection and audit by the Fund upon demand."

11.  Article III, Section 7(i) of the Trust Agreement provides that the construction of the terms of the Trust Agreement by the Trustees is binding upon employers.

12. In or about December 2006, the Funds' auditors completed their review of Broadway Drugs' payroll books and records for the period from January 1, 2000 through March 31, 2006.

13. The audit revealed that Broadway Drugs owes $7,512.00 in unpaid contributions for the period from January 1, 2000 through March 31, 2006.

14. On or about February 20, 2007, and April 17, 2007, demand letters were sent to Broadway Drugs demanding payment of the delinquent contributions through March 2006 in the amount of $7,512.00.

15. Broadway Drugs failed and refused to make any payment on the audit.

16. In accordance with the collective bargaining agreements, and pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), the Trustees are entitled to interest on the delinquent contributions owed to the Funds at the applicable rate as permitted by law from the date the contributions were due until the date the contributions are paid.

17. Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132 (g)(2)(C), the Trustees are entitled to the greater of liquidated damages in an amount of twenty percent (20%) of delinquent contributions or additional interest on the delinquent contributions.

18. Pursuant to the collective bargaining agreements and Section 502(g)(2)(D)

of ERISA, 29 U.S.C. § 1132 (g)(2)(D), the Trustees are also entitled to reasonable attorneys' fees and costs, and collection costs, including auditing expenses.

19. Broadway Drugs' failure to pay the required contributions when due violates the collective bargaining agreements and the Trust Agreement and has injured the Fund, depriving it of investment income and increasing its operation and administration costs. The failure to make these contributions as required constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray for a judgment against Broadway Drugs as follows:

(1) $7,512.00 in delinquent contributions due and owing to the Funds for the period from January 1, 2000 through March 31, 2006;

(2) Interest on the delinquent contributions from the date they were due through June 2007 in the amount of $5,964.00 and each day thereafter until the date they are paid by Broadway Drugs;

(3) The greater of liquidated damages representing twenty percent (20%) of the delinquent contributions, or an amount equal to interest owed on the unpaid contributions at the time that judgment is entered;

(4) Reasonable attorneys' fees and costs of this lawsuit, including audit fees; and

  (5) Such other and further equitable relief as to this Court may appear just and proper.

Dated: New York, New York
   July 17, 2007

                     /s/
                   Nathan V. Bishop (NB-1880)

                   FRIEDMAN & WOLF
                   1500 Broadway, Suite 2300
                   New York, New York 10036
                   (212) 354-4500

                   Attorneys for Plaintiffs

Author: NVB Doc Number: 76938